UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Connie Denice Watson,

           Plaintiff,      Case No. 25-12869

v.                        Judith E. Levy
                         United States District Judge
Wayne Sikorcin,

                       Mag. Judge Anthony P. Patti
           Defendant.

_____/

## ORDER DISMISSING THE CASE WITHOUT PREJUDICE

On September 10, 2025, *pro se* Plaintiff Connie Denice Watson filed a 106-page complaint against Defendant Wayne Sikorcin. (ECF No. 1, PageID.112.) Plaintiff claims she is a "Toy Inventor of Devices of Filling Balloons with Water and Tying a Knot of a Water Balloon and Tying a Knot of a Self Sealing Knot of Water Balloons Toy Set Kit of Making Water Ballons." (*Id.*) She alleges that Defendant stole her idea for that invention. (*See id.* at PageID.115.) The relief requested is "Damages of Punitive of Relief In The Amount of One Hundred and Fifty Billion Dollars or The Value of Present Date of Year of a Claim of Value of Plaintiff Invention." (*Id.* at PageID.131.)

Plaintiff proceeds without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a)(1). (ECF Nos. 2, 6.) Because Plaintiff has been granted permission to proceed without prepayment of the filing fee, the Court must screen her complaint to determine if it fails to state a claim or is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

## I.  Litigation History

This is the eleventh time Plaintiff has filed suit against this Defendant with significantly similar or identical allegations regarding an alleged water balloon invention. As detailed in previous opinions, *see, e.g.*, *Watson v. Sikorcin*, No. 25-11873, 2025 WL 1900893, at *1–2 (E.D. Mich. July 9, 2025), the other cases are as follows:

- *Watson v. Sovis*, Case No. 24-cv-12066 (E.D. Mich.), filed on August 7, 2024, and dismissed on November 7, 2024. *Watson v. Sovis*, No. 24-12066, 2024 WL 4713834 (E.D. Mich. Nov. 7, 2024).

- *Watson v. Ramere*, Case No. 24-cv-13275 (E.D. Mich.), filed on December 10, 2024, and dismissed on January 9, 2025. *Watson v. Ramere*, No. 24-CV-13275, 2025 WL 62236 (E.D. Mich. Jan. 9, 2025).

- *Watson v. Ramere*, Case No. 25-cv-10467 (E.D. Mich.), filed on February 18, 2025, and dismissed on April 30, 2025. *Watson v. Ramere*, No. 25-CV-10467, 2025 WL 1261015 (E.D. Mich. Apr. 30, 2025).

- *Watson v. Ramere*, Case No. 25-cv-11869 (E.D. Mich.), filed on June 23, 2025, and dismissed on July 9, 2025. *Watson v. Ramere*, No. 25-11869, 2025 WL 1900891 (E.D. Mich. July 9, 2025).

- *Watson v. Glenn*, Case No. 25-cv-11870 (E.D. Mich.), filed on June 23, 2025, and dismissed on July 9, 2025. *Watson v. Glenn*, No. 25-11870, 2025 WL 1900887 (E.D. Mich. July 9, 2025).

- *Watson v. Glenn*, Case No. 25-cv-11871 (E.D. Mich.), filed on June 23, 2025, and dismissed on July 9, 2025. *Watson v. Glenn*, No. 25-11871, 2025 WL 1900892 (E.D. Mich. July 9, 2025).

- *Watson v. Khubani*, Case No. 25-cv-11872 (E.D. Mich.), filed on June 23, 2025, and dismissed on July 9, 2025. *Watson v. Khubani*, No. 25-11872, 2025 WL 1900896 (E.D. Mich. July 9, 2025).

- *Watson v. Sikorcin*, Case No. 25-cv-11873 (E.D. Mich.), filed on June 23, 2025, and dismissed on July 9, 2025. *Watson v. Sikorcin*, No. 25-11873, 2025 WL 1900893, (E.D. Mich. July 9, 2025).

- *Watson v. Harter*, Case No. 25-cv-11874 (E.D. Mich.), filed on June 23, 2025, and dismissed on July 9, 2025. *Watson v. Harter*, No. 25-11874, 2025 WL 1901631 (E.D. Mich. July 9, 2025).

- *Watson v. Malone*, Case No. 25-cv-11875 (E.D. Mich.), filed on June 23, 2025, and dismissed on July 9, 2025. *Watson v. Malone*, No. 25-11875, 2025 WL 1900898 (E.D. Mich. July 9, 2025).

Plaintiff's current suit involves the same allegations as the previous ten cases: that Defendant Wayne Sikorcin, along with others, allegedly stole her invention related to water balloons.

## II. Analysis

Plaintiff's complaint must be dismissed for failure to state a claim and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). "A complaint can be frivolous either factually or legally." *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) (citing *Lappin*, 630 F.3d at 470). The former is found "when [the complaint] relies on 'fantastic or delusional' allegations"; the latter, "when 'indisputably meritless' legal theories underlie the complaint." *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)).

To state a claim upon which relief may be granted, a complaint must allege enough facts that, when assumed true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[D]etailed factual allegations" are not necessary, but the pleading must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

When a plaintiff proceeds without counsel, the Court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *See Sutton v. Mountain*

4

*High Invs., LLC*, No. 21-1346, 2022 WL 1090926, at *2 (6th Cir. Mar. 1, 2022) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "But the rule that *pro se* filings should be liberally construed does not exempt *pro se* litigants from basic pleading standards." *Johnson v. E. Tawas Hous. Comm'n*, No. 21-1304, 2021 WL 7709965, at *1 (6th Cir. Nov. 9, 2021) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

First, it appears that Plaintiff brings suit pursuant to 18 U.S.C. § 1001, 18 U.S.C. § 287, and "U.S.C. 1028," which the Court assumes is intended to be 18 U.S.C. § 1028. (*See* ECF No. 1, PageID.113.) As set forth previously, Plaintiff cannot bring a civil suit under these laws because they are criminal laws and do not have a private right of action. *See, e.g.*, *Watson v. Sikorcin*, 2025 WL 1900893, at *2–3.

In addition, Plaintiff's complaint must be dismissed because her complaint does not comply with Federal Rule of Civil Procedure 8(a). Federal Rule of Civil Procedure 8(a) states that a complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief

5

sought, which may include relief in the alternative or different types of relief."

Plaintiff's complaint is repetitive and difficult to comprehend. Rule 8(a)(2) requires "a short and plain statement of the claim." Similarly, Rule 8(d)(1) states, "[e]ach allegation must be simple, concise, and direct." Although Plaintiff's current complaint is shorter than her previous complaints, her complaints have not increased in clarity. Without such clarity, the Court is unable to conclude that the complaint adequately puts Defendants on notice of the claims against them and, as such, the complaint is not viable. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 507 (2002) ("Rule 8(a)'s express language [] requires simply that the complaint 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'").

Plaintiff has been warned numerous times that her complaints are insufficient to state a claim and violate Rule 8(a)(2). *See Watson v. Sovis*, 2024 WL 4713834; *Watson v. Ramere*, 2025 WL 1261015, at *3; *Watson v. Ramere*, 2025 WL 62236, at *1, *Watson v. Sikorcin*, 2025 WL 1900893, at *4. However, Plaintiff continues to file deficient complaints.

6

The Court understands that Plaintiff is not represented by counsel and does not appear to be acting in bad faith, but her repetitive complaints are not acceptable. As set forth in the Court's previous orders closing Plaintiff's cases:

> "Every paper filed with the Clerk of . . . Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Duneske v. Nerswick*, No. 2:24-CV-11390-TGB-KGA, 2024 WL 5443159, at *6 (E.D. Mich. Nov. 20, 2024) (quoting *Miller v. Mt. Eaton Police Dep't*, Case No. 5:19-CV-2618, 2020 WL 1332016, at *2 (N.D. Ohio Mar. 23, 2020)). "The filing of frivolous lawsuits and motions strains an already burdened federal judiciary." *Viola v. Cuyahoga Cnty. Land Bank*, No. 1:21 CV 1196, 2021 WL 5015486, at *9 (N.D. Ohio Oct. 28, 2021), *aff'd sub nom. Viola v. Cuyahoga Cnty. Land Reutilization Corp.*, No. 21-4139, 2023 WL 3725063 (6th Cir. Feb. 15, 2023). "Our ability to perform our duties is compromised when we are forced to devote limited resources to the processing of repetitious and frivolous filings." *Id.* (citing *In re Sindram*, 498 U.S. 177, 179–80 (1991)).

*See, e.g.*, *Watson v. Sikorcin*, 2025 WL 1900893, at *4.

Plaintiff was warned that she may not continue filing duplicative, repetitive complaints that violate Federal Rule of Civil Procedure 8 and fail to state a claim. *Id*. Plaintiff's latest complaint contains the same deficiencies as her ten previous cases. In order to preserve the Court's resources, it may be necessary for the Court to restrict Plaintiff from

7

filing new complaints in the United States District Court for the Eastern District of Michigan without first seeking and obtaining leave of the Court. *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998). Plaintiff is warned that if she files another complaint that contains the same deficiencies, regarding the same subject matter, she will be enjoined and restrained from filing new actions in the United States District Court for the Eastern District of Michigan without first seeking and obtaining leave of court by the presiding judge or by paying the full civil case filing fee.

For the reasons set forth above, the case is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS SO ORDERED.

Dated: September 25, 2025          s/Judith E. Levy
Ann Arbor, Michigan               JUDITH E. LEVY
                                        United States District Judge

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 25, 2025.

                                       s/William Barkholz
                                       WILLIAM BARKHOLZ
                                       Case Manager